## McCURDY *vs.* BROWN and GIBSON.

1. The 1st section of the act of February 20, 1835, concerning "Costs," (R S. 1835, p. 127,) embraces those cases only in which the real plaintiff is not upon the record, as when an official bond is given to the State, and suit is instituted in the name of the State to the use of the party suing. Where the proceeding is against a public officer, or against such officer and his securities, by motion in the name of the real plaintiff, the act does not require that security for costs should be given before the proceeding is instituted. The act does extend to cases commenced before a justice of the peace.

2. The 5th section of the act of January 4, 1841, concerning the liability of county officers on their official bonds, (Session acts of 1840, '41, p. 31, 32,) providing that "persons injured by the neglect or misfeasance of any such officer may proceed against such principal, (or) any one or more of his securities, jointly or severally, in any proceeding authorized by law against such officer for official neglect or injury," does not render liable the securities of a constable to the penalty imposed upon such officers for failing to return an execution, by the 8th section of the act of March 17, 1835, concerning constables. (R. S. 1835, p. 117.) Proceedings under this section are confined to the constable; the sureties are not embraced within its provisions.

3. The 5th section of the act of 1841 does not extend the liability of securities: it only gives a more summary remedy against them in cases in which they were liable at the time of the passage of the act.

## APPEAL from Jasper Circuit Court.

Winston *and* Phelps, *for Appellants.*

The act respecting constables, (sec. 8, p. 117,) authorizes a proceeding by motion against a constable, for failing to return any execution.

The act of 1840–41, p. 31, 32, sec. 5, provides, that "persons injured by the neglect or misfeasance of any such officer may proceed against such principal, or any one or more of his securities, jointly or severally, in any proceeding authorized by law against such officer, for official neglect or injury."

The failing to return the execution was official neglect of the constable. The law gave the remedy by motion against the constable only. The last act extends this remedy to the injured party, against the constable and his securities.

The law nowhere requires a bond for costs to be filed in a proceeding by motion against a constable.

HENDRICK *and* RICHARDSON, *for Appellees.*

The judgment of the Circuit Court, in dismissing the said motion, was correct, and should not be disturbed, for the following reasons: because—

1. The proceeding by motion, against the constable and his securities, for double the amount of the execution, is not authorized by law. Digest Laws of Mo., p. 117, sec. 8; also, p. 368, sec. 20–23.

2. The recovery by motion against a constable, for failing to return an execution, is double the amount of the same; but in no case can the recovery against the securities exceed the amount of the execution, with interest thereon at the rate of 100 per cent. per annum.

3. The plaintiff failed to file a bond for costs.— Rev. Code of 1835, p. 127.

SCOTT, J., *delivered the opinion of the Court.*

This was a proceeding by motion, instituted by McCurdy, against Brown, a constable, and Gibson, his security, on his official bond, under the act of January 4th, 1841, entitled, " An act the better to secure the liability of county officers on their official bonds," for the failure of Brown, the constable, to return an execution. McCurdy recovered against Brown and Gibson double the amount of the execution. An appeal from this judgment was taken to the Circuit Court, where, on motion of Gibson and Brown, the cause was dismissed, because no security for costs had been given, and because the act regulating constables did not give such proceedings against the constable and his sureties.

The 5th section of the act of 4th January, 1841, provides, that persons injured by the neglect or misfeasance of any county officer may proceed against the principal, or any one or more of his sureties, jointly or severally, in any proceeding authorized by law against such officer, for official neglect or injury. The 8th section of the act concerning constables prescribes, that if any constable shall fail to return any execution, he shall forfeit and pay to the plaintiff double the amount, to be recovered by motion, before any justice of the peace of his township, giving five days notice thereof, in writing, to said constable. This proceeding against the constable and his surety was founded upon the two foregoing provisions of law.

In regard to the question as to the security for costs, we are of the opinion, that the first section of the act concerning costs does not apply to this proceeding; it is neither within its letter nor spirit. This is not a proceeding upon an official bond. The act was intended for cases in which the party used the name of another in suing. Where the name of the real plaintiff is not upon the record, as a party, as where an official bond is given to the State, a person aggrieved by the violation of its conditions, bringing a suit, does it in the name of the State; in such cases, it is necessary to give security. So it may be when bonds are given to officers for the use of another. In these cases, inasmuch as the real party does not appear as such upon the record, and the name of the State or officer is used for form's sake, security for costs is required. In the case under consideration, the party who instituted the proceedings appeared as plaintiff on the record. Neither the State

nor any officer was the formal plaintiff: moreover, the section above referred to evidently contemplates suits commenced in the Circuit Court, and in its terms there is no reference to justices' courts; nor is the necessity of applying that act to justices' courts conceived, as the act regulating those courts has provided when and in what cases security for costs shall be given. But it is a conclusive answer to the objection of a want of security for costs, that this is no suit or proceeding on an official bond.

As to the question, whether the constable's securities are liable, under the 5th section of the act of 1841, to the penalty imposed on constables, for failing to return an execution : by the 8th section of the act relative to constables, we are inclined to the opinion that they are not. When a statute gives a penalty against a constable or other officer, and does not make the securities liable thereto, by express words, we know of no principle which would subject them to its payment. The obligation of sureties is always construed strictly, and never extended beyond the fair scope and import of its terms. The act of 1841 takes effect from and after its passage. The fifth section of that act does not profess to act prospectively on bonds thereafter given, but it relates to bonds then in force, as well as those to be given in future. When the security in this case executed the bond by which he is bound, the liability he thereby incurred was fixed and ascertained by law. Can the legislature, then, by a subsequent act, say that this liability shall be increased? the existence of such a power in the general assembly cannot be maintained under our form of government. If authority was wanting to the legislature to pass such a law, in construing their act we should avoid a construction which would make them guilty of a usurpation of power. The fifth section of the act of 1841 does not, in terms, pretend to interfere with the liability of securities; its whole scope and design is to give a more speedy remedy against them, an object clearly within the constitutional competency of the general assembly. Its aim is to enable a party aggrieved by a neglect of duty in an officer, to recover, in a summary manner, that which he was before entitled to recover, but in a more dilatory and expensive form of procedure. The 8th section of the act relative to constables does not pretend to make the sureties liable for the penalty therein denounced against constables, and there is no necessity, and, as we think, no warrant in any law or principle of law to make them so.

The 20th section of the 7th article of the act concerning justices' courts gives a summons against a constable for failing to return an execution, and subjects him to a penalty of 100 per cent. per annum on the amount of the execution, for such failure. The last section of that article prescribes that this recovery may be had against the constable alone, by a proceeding on a summons, as before directed, or that the party may, by action of debt on his bond, have the same recovery against him and his securities. Inasmuch as the penalty is, by this act, expressly given against the sureties, and as by the terms of the act it was only recoverable by action of debt on the bond, the act of 1841 was intended to give the party aggrieved a more speedy and less expensive remedy, to obtain that to which he was by law entitled.

Thus, as we find a provision on which the act of 1841 can operate — a provision

extremely liberal to plaintiffs in executions—we cannot see the necessity of extending its operation, by a forced construction, to cases not within its letter, and to an extreme to which the legislature, we cannot suppose, ever would have gone. Judge Napton concurring in this opinion, the judgment of the court below is affirmed.

TOMPKINS, *Judge, dissenting.*

Flemming B. McCurdy moved, before a justice of the peace of Jasper county, for a judgment against Willie D. Brown, a constable of a township in said county, and Teyon Gibson, the security of said Brown, in his official bond, for double the amount of an execution delivered to said Brown, and which he had failed to return. Judgment was given before the justice, for McCurdy, and the defendants, Brown and Gibson, appealed to the Circuit Court. When the cause came into the Circuit Court, Brown and Gibson, appellants there, moved to dismiss it. It was dismissed on their motion, and exceptions taken to the decision of that court, and to reverse the judgment of the Circuit Court, this writ of error is now prosecuted.

The reason assigned for the dismissal of the cause, in the Circuit Court, was, first, that the plaintiff, before he commenced his proceeding, did not file a bond with security, in conformity with the provision of the 1st section of the act concerning costs, p. 127 of the Digest of 1835; and, second, the proceeding by motion, against the constable is not authorized by law.

1. The 1st section of the act concerning costs requires that in all actions for the use of any person, the plaintiff or person for whose use such action is to be commenced, shall, before he institutes such suit, file with the clerk of the Circuit Court, in which the action is to be commenced, a bond, &c., for costs.

By the act of 1835, three different remedies against constables are provided, first, one by motion, against the constable alone. If the constable fails on this motion, he forfeits and pays to the person moving, double the amount of the execution. (Sec. 8 of the act concerning constables, p. 117). Second, by summons against the constable alone, in which he may recover the amount of the money received, and 100 per cent. per year; (Digest, p. 368, sec. 20–22 of art. 7 of the act concerning justices' courts;) and, third, one may sue the constable and his securities, on the official bond, and recover, as in the aforesaid proceeding, by summons against the constable.

By the 5th section of the act entitled "An act the better to secure the liability of county officers, on their official bonds," p. 31 of the acts of 1841, it is provided, that " Persons injured by the misfeasance or neglect of any such officer, may proceed against such principal, (or) any one or more of his securities, jointly or severally, in any proceeding authorized by law, against such officer, for official neglect or injury."

Persons suing on official bonds, in the Circuit Court, are required to give bonds to secure costs. It is not provided in the statute that the plaintiff moving against a constable shall give security for costs, probably on account of the restricted jurisdiction of the justice; nor is one suing on a constable's bond before a justice

of the peace, required to give bond for costs. (Sec. 4 of act respecting constables, Digest, p. 116. It is not, then, apparent why he should give security for costs, when he moves against both constable and security. The Circuit Court, then, in my opinion, committed error, in dismissing the case because security had not been given for costs.

2. The provisions of the act of 1841, above cited, are very broad. It should read "and" instead of "or," with which last word the blank in the 5th section is filled; but the meaning is, in my opinion, the same, with either of those words inserted. The injured person, then, may move against the constable and his securities jointly or severally, in any proceeding authorized by law, against such officer for official neglect or injury. The two remedies above-mentioned, given in the Digest against the constable alone, are for the same injuries, and I can see no reason why the last law should not be construed to give the injured person the right to choose either the one or the other, and if he choose to move against the constable and his securities, he ought, in my opinion, to recover 100 per cent., as he would have done had he moved against the constable alone.

In my opinion, the judgment of the Circuit Court ought to be reversed.